**E-Filed 11/26/08**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE<br><br>JTS CORPORATION, a Delaware corporation, fka ATARI CORPORATION,<br><br>    Debtor.<br>―――――――――――――――――――<br>SUZANNE L. DECKER, Trustee,<br><br>    Appellant-Plaintiff,<br><br>    v.<br><br>JACK TRAMIEL,<br><br>    Appellee-Defendant. | Case Number C 05-4709 JF<br><br>ORDER[1] DENYING TRAMIEL'S MOTION FOR ORDER RELEASING LIEN ON HIS HOME |

    Appellee-Defendant Jack Tramiel ("Tramiel") seeks an order releasing the judgment lien on his home that was obtained by the Trustee following this Court's entry of judgment on October 20, 2006. Tramiel argues that he provided the Trustee with an irrevocable letter of credit ("LOC") in the amount of $12 million based upon an understanding that the Trustee thereafter would release the lien; that the Trustee has refused to release the lien; and that the

―――――――――――
    [1] This order is not designated for publication in the official reports.

Case No. C 05-4709 JF
ORDER DENYING TRAMIEL'S MOTION FOR ORDER RELEASING LIEN ON HIS HOME
(JFLC2)

Trustee now unfairly holds "double security" pending appeal. In response, the Trustee argues that she did not agree to release the lien upon receipt of the LOC, but rather agreed to stay execution of the judgment upon receipt of the LOC. The Trustee asserts that she made clear that she would not release the lien unless Tramiel provided her with a recordable covenant precluding sale or encumbrance of his property pending appeal. The Trustee further argues that this Court lacks jurisdiction to order the release of the judgment lien, which was duly recorded under applicable state law.

After reviewing the authorities presented by the parties, the Court is not persuaded that it has the authority to order release of the lien. Moreover, even if it were to conclude that it does have such authority, the Court would deny Tramiel's motion based upon the record before it. Ordinarily, in order to stay execution of a judgment pending appeal, a party must obtain a supersedeas bond. *See* Fed. R. Civ. P. 62(d). While the Court has authority to order alternative security, *see* Fed. R. Bankr. P. 8017(b), the record is devoid of information supporting a finding that alternative security is appropriate in this case. Tramiel states that he has provided a statement of his assets to the Trustee on several occasions. However, it appears that the last such statement was provided more than two years ago; the Court takes judicial notice of the changes in the economy since then. Moreover, the statement was not provided to the Court. Accordingly, the Court concludes that a supersedeas bond is the appropriate security in the instant case. Counsel for the Trustee stated on the record that the judgment lien would be extinguished in the event that Tramiel provides a supersedeas bond. Tramiel thus has it within his own power to obtain the relief sought.

The Court's decision is not intended to interfere with the Trustee's agreement to stay execution of the judgment in exchange for the LOC. While it is not clear that the parties had a meeting of the minds with respect to the import of the LOC, if the parties wish to keep the status quo pending appeal – under which the Trustee would hold both the judgment lien and the LOC – the Court has no objection.

This ruling is without prejudice to a motion for a stay of execution based upon alternative security, for example, a LOC in an appropriate amount. Any such motion must be supported by a

Case No. C 05-4709 JF
ORDER DENYING TRAMIEL'S MOTION FOR ORDER RELEASING LIEN ON HIS HOME
(JFLC2)

statement of Tramiel's assets sufficient to persuade the Court that an alternative to a supersedeas bond is warranted in this case.

Accordingly, the motion for release of the lien is DENIED.

DATED: 11/26/08

_____
JEREMY FOGEL
United States District Judge

1  This Order was served on the following persons:

3  Christian Bayard Nielsen cbn@robinsonwood.com

4  Daniel Rapaport drapaport@wendel.com, calendar@wendel.com, gcone@wendel.com

5  George Larry Engel lengel@mofo.com, ralmanzor@mofo.com

6  Jeffrey Cliff Wurms jwurms@wendel.com, calendar@wendel.com, cking@wendel.com

7  Mai T. Buell
Law Offices of Robinson and Wood
8  227 N. First Street #300
San Jose, CA 95113

10  Marilyn Morgan
U.S. Bankruptcy Court
11  280 South First Street, Room 3035
San Jose, CA 95113

12  USBC Manager-San Jose
US Bankruptcy Court
13  280 South First Street, Room 3035
San Jose, CA 95113

4

Case No. C 05-4709 JF
ORDER DENYING TRAMIEL'S MOTION FOR ORDER RELEASING LIEN ON HIS HOME
(JFLC2)