**E-Filed 9/16/2011**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| IN RE<br><br>JTS CORPORATION, a Delaware corporation, fka ATARI CORPORATION,<br><br>　　　　　　　Debtor.<br>_____<br>MOHAMED POONJA, Trustee,[1]<br><br>　　　　　　　Appellant-Plaintiff,<br><br>　　　　v.<br><br>JACK TRAMIEL,<br><br>　　　　　　　Appellee-Defendant. | Case Number C 05-4709 JF<br><br>ORDER[2] GRANTING IN PART AND DENYING IN PART MOTION FOR REVIEW OF TAXED COSTS |

　　　This action arises out of an adversary proceeding in which the bankruptcy trustee ("the Trustee") alleged that the debtor's sale of real property to one of debtor's directors, Jack Tramiel ("Tramiel"), was a fraudulent conveyance. The bankruptcy court held that the sale was a

---

[1] Mr. Poonja has replaced Suzanne Decker as the plaintiff and bankruptcy trustee in this action.

[2] This order is not designated for publication in the official reports.

1 fraudulent conveyance but it concluded that Tramiel's liability was reduced to zero after
2 application of a good faith transferee reduction and a settlement credit. On appeal, this Court
3 agreed that the conveyance was fraudulent, but it concluded that Tramiel was liable in the
4 amount of $6,714,370.00. The Court of Appeals for the Ninth Circuit also concluded that the
5 conveyance was fraudulent; however, it agreed with the bankruptcy court that Tramiel's liability
6 was zero.

7       On August 24, 2010, following the Ninth Circuit's ruling, Tramiel filed a bill of costs in
8 this Court seeking $174,022.68 from the Trustee. On September 22, 2010, the Clerk allowed
9 costs in the amount of $455.00 – the filing fee for Tramiel's notice of appeal of this Court's
10 judgment – but excluded all other claimed costs. Tramiel seeks review of the Clerk's denial of
11 the bulk of his claimed costs. For the reasons discussed below, the motion will be granted in part
12 and denied in part.

13       As an initial matter, there appears to be some confusion regarding the rules applicable to
14 Tramiel's motion. Tramiel seeks costs under Federal Rule of Appellate Procedure ("FRAP") 39
15 and Civil Local Rule ("CLR") 54-3. The Trustee argues that CLR 54-3 does not apply, and that
16 the bill of costs is governed by Bankruptcy Rule of Procedure ("Bankruptcy Rule") 8014.

17       Bankruptcy Rule 8014 governs the taxing of costs incurred in taking an appeal from the
18 bankruptcy court to the district court or to the bankruptcy appellate panel. Rule 8014 is based
19 upon FRAP 39, which governs the taxing of costs incurred in taking an appeal from the district
20 court to the court of appeals. Advisory Comm. Notes on Fed. R. Bank. P. 8014. All costs taxed
21 under Bankruptcy Rule 8014 are taxed by the clerk of the bankruptcy court. *Id*. CLR 54-3
22 governs costs incurred in litigating a case in the district court. Thus to the extent that Tramiel
23 seeks costs incurred in appealing the bankruptcy court's judgment to this Court, Bankruptcy Rule
24 8014 governs. To the extent that Tramiel seeks costs incurred in appealing this Court's judgment
25 to the Court of Appeals, FRAP 39 governs. FRAP 39 provides that the following costs on appeal
26 are taxable in the district court: "(1) the preparation and transmission of the record; (2) the
27 reporter's transcript, if needed to determine the appeal; (3) premiums paid for a supersedeas bond
28 or other bond to preserve rights pending appeal; and (4) the fee for filing the notice of appeal."

1   Fed. R. App. P. 39(e).  CLR 54-3 largely is inapplicable, as it addresses costs incurred in

2   litigation of an action in the district court, which costs are outside the scope of Bankruptcy Rule

3   8014 and FRAP 39.

4         **Court Fees**:  Tramiel seeks fees of the bankruptcy court clerk in the amount of $771.09

5   and fees of the district court clerk in the amount of $455.00.  Even assuming that the bankruptcy

6   court clerk's fees were related to the appeal of the bankruptcy court's judgment to this Court,

7   such fees would be taxed by the clerk of the bankruptcy court under Bankruptcy Rule 8014.

8   Accordingly, the clerk of the district court properly excluded $771.09 from the cost bill.  There is

9   no dispute that the $455.00 properly was taxed as a filing fee recoverable under FRAP 39(e).

10        **Transcript Fees**:  Tramiel seeks fees in the amount of $4,438.39.00 for transcripts.

11  FRAP 39(e)(2) provides for recovery of "the reporter's transcript, if needed to determine the

12  appeal."  Fed. R. App. P. 39(e)(2).  It appears that the transcripts in question were deposition

13  transcripts, not the reporter's transcript of the proceedings before this Court.  Accordingly, the

14  fees are not covered by FRAP (39)(e)(2), and the Clerk properly excluded them.  Similarly, the

15  Clerk properly excluded costs in the amount of $115.00 for video deposition fees.

16        **Exemplification/Copies:**  Tramiel seeks $5,993.20 in costs incurred in reproducing

17  disclosure and discovery documents and in production of trial exhibits.  These costs are not

18  covered by FRAP 39(e) and thus properly were excluded.

19        **Letter Of Credit Annual Fees:**  Tramiel seeks $162,250.00 incurred to maintain a letter

20  of credit during the pendency of the appeal of this Court's judgment.  FRAP 39(e) expressly

21  provides for recovery in the district court of "premiums paid for a supersedeas bond or other

22  bond to preserve rights pending appeal."  Fed. R. App. P. 39.  In the instant case, the letter of

23  credit was obtained in lieu of a supersedeas bond.  Such fees may be recovered under FRAP

24  39(e) when the parties have agreed to the use of a letter of credit as a less expensive substitute for

25  an appeal bond.  *See Johnson v. Pac. Lighting Land Co.*, 878 F.2d 297, 298 (9th Cir 1989).  In

26  this case, the parties agreed that the letter of credit would stay in place until there is a

27  nonappealable decision.  In fact, the Trustee has taken the position that pursuant to that

28  agreement, Tramiel was obligated to continue funding the letter of credit (at a rate of $54,000.00

per year) through the disposition of a writ of certiorari in the United States Supreme Court. There is no dispute that the letter of credit was significantly less expensive than a bond. Accordingly, the Court concludes that the annual fees for the letter of credit are recoverable under FRAP 39(e).

The Trustee contends that the cost of a bond to secure a stay pending appeal is not recoverable when the bond was not necessary to secure the stay, and takes the position that this Court would have stayed its judgment pending appeal absent any security. This position is not supported by evidence in the record and is contrary to the Trustee's consistent position that security was necessary. The Court stated in its order denying Tramiel's motion for an order releasing the lien on his home that "a supersedeas bond is the appropriate security in the instant case." Dkt. Entry 57.

Finally, the Trustee asks the Court to exercise its discretion to decline to award the cost of the letter of credit on the grounds that the Trustee acted in good faith, the issues were close and difficult to decide, the issues involved are of substantial importance, this case arose out of Tramiel's involvement in a fraudulent conveyance, and the Trustee has limited resources. A Court may weigh such factors in considering whether to deny costs that ordinarily would be recoverable. *See Assoc. of Mexican-American Educators v. State of California*, 231 F.3d 572, 592-93 & n.15 (9th Cir. 2000).

After considering the Trustee's supplemental briefing regarding the effect of an award of costs on the estate, and Tramiel's response thereto, the Court concludes that Tramiel should recover a portion of the cost of the letter of credit, but not the entire amount. As the trustee points out, this action arose out of Tramiel's involvement in a fraudulent conveyance. Moreover, the estate has limited resources and numerous creditors. Accordingly, the Court will award Tramiel $81,125.00, which is half of the cost incurred in maintaining the letter of credit.

//
//
//
//

**ORDER**

Tramiel's motion for review of taxed costs is GRANTED IN PART AND DENIED IN PART as set forth herein. The Clerk shall tax costs in a total amount of $81,580.00 ($455.00 + $81,125.00).

DATED: 9/16/2011

_____
JEREMY FOGEL
United States District Judge